THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLIE BELL, Respondent, *v.* ROBERT E. MURPHY, as Warden of Auburn Prison, Appellant.

Fourth Department, February 21, 1963.

*Louis J. Lefkowitz, Attorney-General (Anthony J. Lokot* and *Paxton Blair* of counsel), for appellant.

*Charlie Bell,* respondent in person.

*Per Curiam.* This is an appeal from an order sustaining a writ of habeas corpus and ordering relator's immediate release from Auburn State Prison.

The problem involves interpretation of subdivision 4 of section 230 of the Correction Law, added by chapter 826 of the Laws of 1962, effective July 1, 1962. That subdivision provides that every prisoner confined in a State prison for an indeterminate term *may* receive a reduction of his *maximum* term for good conduct and efficient performance of duties assigned. This maximum reduction *may* be granted, withheld, forfeited or restored subject to rules and regulations which the Commissioner of Correction is authorized to promulgate and enforce. It is further provided that nothing contained in the subdivision should be construed to confer upon any prisoner the right to demand or require the whole or any part of such reduction and that every prisoner released prior to the expiration of his maximum sentence should remain under the supervision of the Board of Parole for the full term of the maximum sentence under the general terms and conditions of parole set forth in the Correction Law. Subdivision 5 of the same section provides that nothing contained in the section shall be construed to confer upon any prisoner the right to demand or require the restoration

of any reduction of sentence theretofore forfeited or withheld by the Commissioner.

Pursuant to the authority granted him in subdivision 4, the Commissioner promulgated rules and regulations concerning the granting, withholding, forfeiture or restoration of credits. One such rule is the following: "(h) Parole violators. Prisoners who have been paroled, declared delinquent and returned to prison, may receive the benefits of the maximum reduction credit *computed on the delinquent time only.* (7 NYCRR 60.3[h]; emphasis added.)

The term "delinquent time" contained in this rule is based upon section 218 of the Correction Law, which provides that whenever there is reasonable cause to believe that a prisoner has violated parole he shall be declared delinquent. Such a declaration suspends the running of his sentence until the prisoner is returned to custody. After such return to custody the time which he still owes on his sentence is computed as of the date that he is declared delinquent, and the Board of Parole "may, if it sees fit, require such prisoner to serve out in prison * * * the balance of the maximum term * * * or such part thereof as it may determine" (Correction Law, § 218).

In the instant case the relator had been paroled, declared delinquent, and returned to prison. He contends that the credit for good time that he had earned under subdivision 4 of section 230 during his original incarceration cannot be taken from him, and that subdivision (h), above quoted, was unauthorized and improper under that subdivision, and is arbitrary and capricious. It is undisputed that if the contentions of the relator are correct, he was eligible for parole before the present habeas corpus proceeding was instituted.

A consideration of the challenged rule, in the light of its legislative and judicial background, leads to the conclusion that relator's contentions must fail. Since 1926 it has been the law in this State that time credited to a prisoner for both good conduct and willing performance of his assigned duties is subject to forfeiture. (L. 1926, ch. 736; *People ex rel. Clemente* v. *Warden of Auburn Prison,* 9 N Y 2d 216; *People ex rel. Vanilla* v. *Denno,* 7 N Y 2d 29.) There is nothing in subdivision 4 of section 230 to indicate that the Legislature intended to change this long-standing policy and, on the contrary, there is substantial indication of an intent to perpetuate it in this instance. As previously indicated the express language of the subdivision provides that the Commissioner may by rule impose such a forfeiture and that nothing in the statute shall be construed to confer upon a prisoner the right to demand a restoration of

credits forfeited. Moreover, the subdivision is premised on the theory that '' [e]very prisoner who is released prior to the expiration of his maximum sentence * * * shall remain under the supervision of the board of parole for the full term of the maximum sentence '' (Correction Law, § 230, subd. 4). This continued supervision of the Board of Parole is intended to aid in the rehabilitation of prisoners prior to their complete return to society at the expiration of the sentence. (Governor's Memorandum, McKinney's Session Laws of New York, 1962, p. 3668.) A necessary part of the parole supervision which this subdivision contemplates is the power to return to prison those who violate parole. If the time credited pursuant to this subdivision could not be declared forfeit, the prisoner might be entitled to release immediately upon reincarceration and the contemplated parole supervision would thereby be nullified. The Commissioner's rule is, therefore, wholly consistent with the purposes and principle of subdivision 4.

The order appealed from should be reversed and the relator remanded to Auburn State Prison.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Order unanimously reversed, without costs of this appeal to either party, writ dismissed, and relator remanded to the custody of the Warden of Auburn Prison.